UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON
CIVIL ACTION NO. 11-411-KKC-JGW

**STEVEN JOHNSON**                                                                **PETITIONER**

**V.**

**HENRETTA CREWS, WARDEN**                                **RESPONDENT**

**REPORT AND RECOMMENDATION**

Pending is a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 filed by petitioner, Steven Johnson. Doc. 1. For the following reasons, I recommend that the petition be denied.

**I. Factual and Procedural History**

In 1983, defendant pleaded guilty in a Kentucky state court to, among other charges, murder and being a persistent felony offender in the first degree (PFO). Pursuant to the guilty plea, petitioner was sentenced to twenty years' imprisonment for the murder conviction, enhanced to life imprisonment by virtue of the PFO conviction.

Approximately seven years later petitioner filed a motion for post-conviction relief in state court, arguing that the enhancement of his sentence on the murder charge by virtue of the PFO conviction was contrary to then-recent Kentucky Supreme Court precedent.[1] The trial court acknowledged that the sentence was contrary to Kentucky precedent but nonetheless denied the motion, holding that "the court's judgment was not void, but erroneous. The defendant's remedy

---

[1] *See, e.g., Offutt v. Commonwealth*, 799 S.W.2d 815, 816 (Ky. 1990) ("We have recently held that a sentence imposed upon conviction for murder is not subject to PFO enhancement. . . . We do not retreat from our holding . . . .").

was appeal, not collateral attack seven years after the fact." Doc. 11-2, p. 17. The Kentucky Court of Appeals affirmed, tersely holding in June 1992 that it "adopt[ed] the opinion and order of the trial court as a correct statement and application of the law as applied to the facts of this appeal." *Id.* at 56. The Kentucky Supreme Court denied discretionary review in January 1993. *Id.* at 57.[2]

For reasons not apparent from the record, petitioner took no further action until he filed a petition for a writ of habeas corpus in Kentucky state court in 2008. Again, petitioner argued that his murder sentence was void because it had been improperly enhanced by his PFO conviction.[3] In December 2009, the Oldham Circuit Court granted the motion, holding that because petitioner had served the twenty year sentence on the murder conviction he had "established a valid claim for the Writ to issue, as the evidence shows he is being held illegally." Doc. 1-1, p. 9.

In July 2010, the Kentucky Court of Appeals reversed. The Court of Appeals held that habeas corpus is available only to persons entitled to immediate release from custody and that petitioner was not eligible for immediate release because he had incurred another conviction on an unrelated case.[4] The Court of Appeals then concluded that petitioner's ineligibility for immediate

---

[2]Three justices voted to grant discretionary review. *Id.*

[3]Though that petition is inexplicably not in the record provided to this Court, the parties do not disagree about its contents.

[4]Petitioner contends in passing the sentence he received on the unrelated crime is itself erroneous because it was ordered to run consecutively to his life sentence. Indeed, the Kentucky Supreme Court has held that it is improper for another sentence to be ordered to run consecutively to a life sentence. *See, e.g., Holloman v. Commonwealth*, 37 S.W.3d 764, 770 (Ky. 2001). However, the state court record regarding the unrelated sentence is not before the Court. In addition, questions of purely state law are generally not cognizable in a federal habeas corpus petition. *See, e.g., Bowling v. Parker*, 138 F.Supp. 2d 821, 906 (E.D.Ky. 2001), aff'd 344 F.3d 487 (6th Cir. 2003) ("neither a violation of state law nor a state court's decision applying purely state law may be reviewed by a federal habeas corpus court since any such errors in that regard are not of a constitutional magnitude.").

release meant that the lower court erred when it granted petitioner's habeas petition.[5] The Kentucky Supreme Court denied discretionary review in March 2011, after which petitioner filed this §2254 petition.

## II. Analysis

Petitioner's first argument is that the AEDPA, which governs §2254 petitions, is unconstitutional and, accordingly, petitioner asks the Court to review his case de novo without consideration of the standards of review or time limitations contained in the AEDPA. As authority, petitioner cites a dissenting opinion from Judge Reinhardt of the Ninth Circuit Court of Appeals. *See Crater v. Galaza*, 508 F.3d 1261 (9th Cir. 2007). Although the Sixth Circuit has not directly ruled on the issue, several other circuit courts have rejected similar arguments, as have many district courts within the Sixth Circuit. *See, e.g., Parrish v. Simpson*, 2010 WL 750204 (W.D.Ky. Feb. 26, 2010) (collecting cases); *Bowling v. Parker*, 2012 WL 3217609 (E.D.Ky. April 2, 2012) (thoroughly discussing, and rejecting, arguments that AEDPA is unconstitutional); *Byrd v. Trombley*, 580 F.Supp.2d 542 (E.D.Mich. Sept. 18, 2008). Accordingly, petitioner's claim that the AEDPA is unconstitutional should be rejected.

As he did in state court, petitioner's main substantive argument for relief is the allegedly improper enhancement of his murder sentence. However, this argument is based upon a violation

---

[5]Only the first two pages of the Kentucky Court of Appeals' opinion are in the record. Doc. 1-1, p. 3-4. However, respondent has admitted that the factual averments in the §2254 petition were correct. Doc. 11. Thus, though better practice would certainly have been to include the entire opinion of the Kentucky Court of Appeals in the record, there is no disagreement as to the holding or rationale of that court.

of Kentucky state law, which is not cognizable on federal habeas review.[6]  *Bowling*, 138 F.Supp. at 906 ("neither a violation of state law nor a state court's decision applying purely state law may be reviewed by a federal habeas corpus court since any such errors in that regard are not of a constitutional magnitude.").

In addition, the §2254 petition was not timely filed. 28 U.S.C. §2244(d)(1) provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court." Because petitioner's conviction became final well prior to April 1996, when the one-year limitation period was enacted, he had until April 24, 1997 to file timely a §2254 petition.  *See, e.g., Poynter v. Birkett*, 13 Fed.Appx. 292, 293 (6th Cir. 2001) ("Habeas corpus petitioners, whose state convictions were concluded by direct review prior to the effective date of the AEDPA, are afforded a one-year grace period, until April 24, 1997, in which to file a § 2254 petition."). Petitioner–for reasons not discernible from the record--missed that deadline by over fourteen years. His petition, therefore, is manifestly untimely and he has not shown any reason to equitably toll that statute of limitations.  *See, e.g., Cook v. Stegall*, 295 F.3d 517, 521

---

[6]Though the vast majority of his petition revolves around Kentucky state law, petitioner does fleetingly argue that his enhanced sentence violates the Fourteenth Amendment to the United States Constitution. In order to be cognizable in federal habeas review, however, an issue must have been fully and fairly presented in state court. *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004) ("Federal courts lack jurisdiction to consider a habeas petition claim that was not fairly presented to the state courts."). Respondent persuasively demonstrates that petitioner did not fully and fairly present this federal issue in state court because fleeting and general allegations of a violation of a federal constitutional right are insufficient for the claim to have been fairly presented to state courts. *See, e.g., Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004) ("A petitioner need not cite chapter and verse of constitutional law, but [g]eneral allegations of the denial of rights to a fair trial and due process do not fairly present claims that specific constitutional rights were violated.") (internal quotation marks and citations omitted). Petitioner is accordingly not entitled to habeas relief based upon his passing reference to the United States Constitution.

(6th Cir. 2002) (listing reasons one-year limitations period may be equitably tolled, such as lack of notice of the filing deadline, the reasonableness of petitioner's ignorance of the legal requirements to file a petition, petitioner's diligence in pursuing his rights and lack of prejudice to the respondent). Petitioner's §2254 petition should be denied as having been untimely filed.

### III. Conclusion and Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that the petition for writ of habeas corpus [Doc. 1] be **denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 1st day of February, 2013.



Signed By:
*J. Gregory Wehrman*  J.G.W.
United States Magistrate Judge

G:\Larry\2254 starting April 2011\11-411lex, johnson, r&r deny 2254.wpd